889 F.2d 1087
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
DISTRICT 30, UNITED MINE WORKERS OF AMERICA; Local Union
1827, United Mine Workers of America, Plaintiffs-Appellees,
v.
AGIPCOAL USA, INC., Defendant-Appellant.
 No. 88-6416.
 United States Court of Appeals, Sixth Circuit.
 Nov. 27, 1989.
 
 Before BOYLE F. MARTIN, Jr. and BOGGS, Circuit Judges, and LAWRENCE P. ZATKOFF, District Judge.*
 PER CURIAM.
 
 
 1
 Agipcoal USA, Inc. (the Company) appeals the decision of the district court to reverse and vacate the labor arbitration award granted to the Company. Finding that the district court improperly vacated the award, we reverse.
 
 
 2
 * The Company is engaged in the mining, preparation and sale of bituminous coal. The Company and the appellee, United Mine Workers of America (the Union), were signatories to the 1984 National Bituminous Coal Wage Agreement (the 1984 NBCWA), which governs this dispute.
 
 
 3
 In 1987, the Company contracted out some jobs at the Pevler Complex in Martin County, Kentucky to workers who were not members of the Union and did not meet the 1984 NBCWA's definition of classified employees. The work involved the repair and maintenance of equipment at, and the improvement of land around, the facility and was performed during the members' vacation period. The 1984 NBCWA contains provisions restricting the Company's freedom to hire outside contractors to perform tasks qualifying as bargaining unit work.
 
 
 4
 Article IA, Section (g)(2) of the 1984 NBCWA states:
 
 
 5
 Repair and maintenance work of the type customarily performed by classified Employees at the mine or central shop shall not be contracted out except (a) where the work is being performed by a manufacturer or supplier under warranty ... or (b) where the Employer does not have available equipment or regular Employees (including laid-off Employees at the mine or central shop) with necessary skills available to perform the work at the mine or central shop.
 
 
 6
 Six Union members, who had been laid off by the Company, filed a grievance claiming that the contracted work was bargaining unit work which belonged to the Union. They claimed that the Company had violated the 1984 NBCWA by hiring outside contractors to perform the work and sought compensation for all hours (a total of eighty-six) worked by the contractors. As allowed by Article XXIII of the 1984 NBCWA, the Union and the Company submitted the grievance to arbitration. A hearing was held on October 16, 1987.
 
 
 7
 The dispute involves the proper interpretation of the language of Article IA, Section (g)(2) of the 1984 NBCWA which protects "work of the type customarily performed by classified Employees." The arbitrator found that Union members had frequently performed the type of repair and maintenance work at issue, but he held that the Union had not met its burden of showing that the practice had been for Union members exclusively to perform this work. Since the Union had not provided the arbitrator with clear and convincing evidence that the work historically belonged to the Union exclusively, he held that the Company had not violated the 1984 NBCWA by hiring outside contractors and denied the grievance.
 
 
 8
 The district court overturned the arbitrator's decision, based on its interpretation of the 1984 NBCWA. It held that the Union does not have to prove that historically it had provided the exclusive labor pool for the type of work in dispute. The district court also found that the arbitrator had imposed on the Union an incorrect burden of proof in demonstrating a violation of the 1984 NBCWA.
 
 II
 
 9
 The district court substituted its definition of "customarily" for the arbitrator's definition. The arbitrator determined that "customarily" meant "exclusively." The district court referred to Webster's Third New International Dictionary in holding that "customarily" meant "normally." Since the Union had performed the work in dispute most of the time, albeit not all the time, the district court overturned the arbitrator's decision and found that the Company had violated the 1984 NBCWA.
 
 
 10
 An arbitrator has the right and obligation to interpret and give meaning ("exclusively") to an ambiguous contract term ("customarily"). International Association of Machinists and Aerospace Workers, District No. 145 v. Modern Air Transport, Inc., 495 F.2d 1241, 1245 (5th Cir.1974), cert. denied, 419 U.S. 1050 (1974). The Supreme Court has held that the arbitrator's view of the contract is entitled to great deference by reviewing courts. United Paperworkers International Union, AFL-CIO, v. Misco. Inc., 108 S.Ct. 364 (1987). By agreeing to resolve their dispute through arbitration, the parties agreed to accept the arbitrator's, not a court's, view of the facts and interpretation of the contract. As the Supreme Court stated:
 
 
 11
 The arbitrator may not ignore the plain language of the contract; but the parties having authorized the arbitrator to give meaning to the language of the agreement, a court should not reject an award on the ground that the arbitrator misread the contract (citations omitted).... If the courts were free to intervene on these grounds, the speedy resolution of grievances by private mechanisms would be greatly undermined.
 
 
 12
 Id. at 371. See also, United Steelworkers of America v. Enterprise Wheel & Car Corp., 363 U.S. 593 (1960).
 
 
 13
 The district court can substitute its interpretation of the 1984 NBCWA for that of the arbitrator only when the arbitrator deviates from the plain language of the contract. The Supreme Court has ruled, however, that the role of courts in reviewing arbitration awards is extremely limited:
 
 
 14
 [A]s long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, that a court is convinced he committed serious error does not suffice to overturn his decision.
 
 
 15
 Misco, 108 S.Ct. at 371. We find that the arbitrator was "arguably construing or applying" the 1984 NBCWA and "acting within the scope of his authority." The arbitrator did not deviate from the plain language of the contract. The term "customarily" admits of definitions ranging from "some of the time" to "all of the time"; the arbitrator's construction of the term was not contrary to any unambiguous meaning of the term. Indeed, his construction is supported by numerous decisions of other arbitrators in the industry. See, e.g., Local Union 1110, District 6, UMWA and Consolidation Coal Company, No. 88-6-88-46 (November 21, 1988); BethEnergy Mines, Inc. and UMWA, District 30, Local 5741, No. 84-30-86-325 (March 16, 1987); UMWA, District 6, Local Union 1110 and Consolidated Coal Company, Ireland Mine, No. 84-6-86-315 (February 15, 1986); Princess Susan Coal Company and UMWA, District 17, Local Union 340, No. 86-17-KD-60 (April 25, 1987); UMWA, District 6, Local 1890 and Southern Ohio Coal Company, No. 84-6-87-174 (January 18, 1988).
 
 
 16
 This circuit, "mindful of the Supreme Court's admonition in" Misco, accords "the utmost deference to arbitral decisions in labor disputes." Agipcoal USA, Inc. v. International Union, UMWA, No. 88-6122, 1989 U.S.App. LEXIS 8997 (6th Cir. June 21, 1989) (per curiam). The very parties in this case, with roles reversed, argued a nearly identical claim before this court less than four months ago. This earlier dispute centered upon certain lease agreements to mine the Pevler properties made by the Company with independent contractors in May and July of 1986. We held that the appropriate inquiry was "whether the 'essence' of the arbitrator's decision was drawn from the collective bargaining agreement, or whether the arbitrator 'dispense[d] his own brand of industrial justice.' " 1989 U.S.App. LEXIS 8997 at 3-4 (quoting United Steelworkers of America v. Enterprise Wheel and Car Corp., 363 U.S. at 597). We held that the arbitrator was "arguably construing or applying the contract" and, as Misco requires, reversed the district court's decision to vacate the award. The facts of this case compel the same result.
 
 III
 
 17
 The arbitrator also held that the Union had to demonstrate with clear and convincing proof that it was the sole work unit to perform the work in dispute. The 1984 NBCWA does not specify what burden of proof should be applied in arbitration proceedings. The district court vacated the arbitration award in part because it determined that the arbitrator applied the wrong burden of proof. It agreed with the Union that the correct proof standard is the normal civil burden, a preponderance of the evidence.
 
 
 18
 The arbitrator's legal determinations are entitled to as much deference by the district court as his factual findings. This court does "not sit to hear claims of factual or legal error by an arbitrator." Misco, 108 S.Ct. at 370. Furthermore, other arbitration decisions indicate that the arbitrator was following the industry preference for a standard of clear and convincing evidence. See, e.g., UMWA, District 6, Local Union 1110 and Consolidation Coal Company, Ireland Mine, supra at 5. The arbitrator's decision to insist on clear and convincing evidence was not reversible by the district court.[1]
 
 
 19
 Because Misco controls this case, we reverse the decision of the district court and reinstate the arbitration award.
 
 
 
 *
 The Honorable Lawrence P. Zatkoff, United States District Judge for the Eastern District of Michigan, sitting by designation
 
 
 [1]
 We note that the district court did not follow Rule 58 of the Federal Rules of Civil Procedure, concerning the entry of judgments. This "separate document rule" requires that "every judgment shall be set forth on a separate document." As the Notes of the Advisory Committee suggest, Rule 58 was amended in 1963 to make clear that the judgment must be set out on a document separate from any opinion or memorandum. The purpose of the rule is to avoid any confusion over whether the judgment is final and the case is closed
 The district court reviewed the arbitration award and rendered its judgment in a single document entitled "Memorandum Opinion, Order, and Judgment." By not setting out the judgment in a separate document, the district court violated Rule 58. U.S. v. Woods, No. 88-4159, slip op. at 3 (6th Cir. Sept. 25, 1989) (per curiam).